<u>NOT FOR PUBLICATION</u>

UNITED STATE DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY

| | | |
|---|---|---|
| Jeromi Bazuaye | : | |
| | : | Civ. No. 06-1028(DRD) |
| Petitioner, | : | |
| | : | **O P I N I O N** |
| v. | : | |
| | : | |
| Michael Chertoff, et al. | : | |
| | : | |
| Respondents. | : | |

Sohail Mohammed, Esq.
1030 Clifton Avenue
Clifton, New Jersey 07013

Kai W. Graaf, Esq.
64 Fulton Street, Suite 1006
New York, New York 10038
    Attorneys for Petitioner

Christopher J. Christie
United States Attorney
By:    Neil R. Gallagher
    Assistant U.S. Attorney
        Attorney for Respondent

**Debevoise, Senior United States District Judge**

      Petitioner, Jeromi Bazuaye, who is presently in confinement pending completion of removal proceedings, petitioned for a writ of habeas corpus and also sought declaratory and injunctive relief.  On April 28, 2006, after a hearing, the court, finding that it lacked jurisdiction, dismissed Petitioner's Amended Petition for Writ of Habeas Corpus and Amended Complaint for Declaratory and Injunctive Relief without issuance of a certificate of appealability.  Petitioner now moves for reconsideration, asking the court "to make additional findings and alter or amend

judgment entered . . . on April 28, 2006." The motion will be denied.

Petitioner utterly misconceives the purpose of a motion for reconsideration and the appropriate procedure to pursue such a motion. L. Civ. R. 7.1(g) provides, in part:

> There shall be served with the notice [of a motion for reargument] a brief setting forth <u>concisely</u> the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked. (emphasis added)

Motions for "reconsideration" and motions for "reargument" are interchangeable within the meaning of Rule 7.1(g). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F. 2d 906, 909 (3d Cir. 1985), <u>cert</u>. <u>den</u>., 476 U.S. 1171 (1986). The Rule requires that the motion focus on, and the required memorandum address, only those matters - factual or legal - "which counsel believes the Court has overlooked."

Reargument is not appropriate where the motion essentially raises only a party's disagreement with the court's initial decision. It is not an opportunity to raise matters that could have been raised before the original decision was reached. "Not only are such motions not a substitute for the appellate process, such motions are <u>not</u> an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." <u>Bowers v. NCAA</u>, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Petitioner's moving papers comply with none of the requirements, procedural or substantive, for a motion for reargument. The court's April 28, 2006 opinion described the immigration proceedings in which Petitioner was involved; it recited Petitioner's legal contentions; it did not address the merits of those contentions, holding for the reasons stated therein that the court did not have jurisdiction to hear the substantive contentions that Petitioner

advanced.

Petitioner's brief is hardly concise.  It is a 26 page mish-mash of reargument of the substantive contentions that he pursued at the time of the hearing and a recital of new arguments and contentions that he could have put forward in his earlier briefs and argument.

Petitioner points to no intervening change in the law or newly discovered evidence. Although he contends that the court's holding that it lacks jurisdiction is a clear error of law, the court concludes otherwise.

There will be no manifest injustice in this case.  Petitioner is in removal proceedings based upon his 1992 conviction in the United States District Court for the Eastern District of Virginia and his 1997 conviction in the Supreme Court of New York.  He has the opportunity to bring his challenge to the validity and effect of those convictions in the removal proceedings.  An Immigration Judge has held extensive hearings in which Petitioner was represented by able counsel and has delivered a comprehensive opinion ordering Petitioner's removal pursuant to Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as well as Section 237(a)(2)(A)(iii), as it relates to Section 101(a)(43)( b) and (V) of the Act.  Petitioner has the right to appeal this decision to the Board of Immigration Appeals and, if unsuccessful there, to the appropriate Court of Appeals.  An IJ has ruled upon Petitioner's application for release pending final disposition of the removal proceedings.  There is no reason to find that those proceedings will not proceed in the normal course, and, as previously held, the court does not have jurisdiction to set aside that decision.

  For the foregoing reasons Petitioner has failed to establish a basis for reconsideration, and his motion will be denied. The court will file an appropriate order.


Dated: August 14, 2006            /s/ **Dickinson R. Debevoise**
                DICKINSON R. DEBEVOISE