<u>**NOT FOR PUBLICATION**</u>

**CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Jeromi BAZUAYE, | : |
| Petitioner, | : |
| v. | : **Civil Action 06-1028 (DRD)** |
|  | : **OPINION** |
| Michael CHERTOFF, Secretary Department of Homeland Security Alberto GONZALES, Attorney General of the United States, John P. TORRES, Acting Director, Office of Detention and Removal Bureau of Immigration and Customs Enforcement, Christopher SHANAHAN, Acting Field Office Director, Detention and Removal Bureau of Immigration and Customs Enforcement, William FRASER, Warden, Monmouth County Jail, | : |
| Respondents. | : |

Appearances by:

Jeromi Bazuaye
1 Waterworks Road
Freehold, NJ 07728
    *Pro Se Petitioner*

Christopher J. Christie
United States Attorney
By:   Neil R. Gallagher
       Assistant U.S. Attorney
       United States Attorney's Office
       970 Broad Street, Suite 700
       Newark, New Jersey 07102
         *Attorney for the United States Government*

**DEBEVOISE, Senior United States District Judge**

*Pro Se* Petitioner Jeromi Bazuaye ("Bazuaye"), who continues to be confined pending completion of removal proceedings, entered a petition with the district court for the Southern District of New York for a Writ of Habeas Corpus and also sought Declaratory and Injunctive Relief. In March 2006, Bazuaye was transferred to the jurisdiction of the District of New Jersey. After a hearing, on April 28, 2006, this Court dismissed, without issuance of a certificate of appealability, both Bazuaye's Amended Petition for Writ of Habeas Corpus and his Amended Complaint for Declaratory and Injunctive Relief, noting that "the court does not have jurisdiction to set aside [the ruling of an Immigration Judge]."

Thereafter, Bazuaye moved for Reconsideration, pursuant to L. Civ. R. 7.1(g)[1], asking the Court "to make additional findings and alter or amend judgment entered . . . on April 28, 2006." According to L. Civ. R. 7.1(g), the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco. Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. den., 476 U.S. 1171 (1986). Bazuaye, however, failed to establish a basis for reconsideration and, on April 14, 2006, this Court denied the motion, finding that it was only a "reargument of the substantive contentions that he pursued at the time of the hearing and a recital of new arguments and contentions that he could have put forward in his earlier briefs and argument."

Now, having been granted leave to proceed *in forma pauperis* on September 15, 2006, Bazuaye petitions this Court to Reopen the Time to File a Notice of Appeal,[2] in which he also seeks

---

[1] Following the February 2005 amendments to the New Jersey Local Rules, 7.1(g), Motion for Reargument was re-numbered and re-named as L. Civ. R. 7.1(i), Motion for Reconsideration.

[2] Filed September 25, 2006.

to have the Court consider as timely his September 1, 2006 Notice of Appeal and his September 19, 2006 Amended Notice of Appeal of the April 28, 2006 Order. Bazuaye claims that his motion should be granted because, although he received a copy of the Order of the Court from his attorney, he did not receive a copy of the Order from the Court, nor did he receive notice from his attorney that the Order was docketed on May 5, 2006.

"The timeliness of an appeal is a mandatory jurisdictional prerequisite." Poole v. Fam. Ct. of New Castle County, 368 F.3d 263, 264 (3d Cir. 2004). In a habeas proceeding, pursuant to 28 U.S.C. § 2253(c), a petitioner cannot appeal unless a district court first issues a certificate of appealability. See Rule 22, Federal Rules of Appellate Procedure ("Fed. R. App. P."). The Court has declined to issue a certificate of appealability in both the April 28, 2006 Order denying the habeas writ and the August 15, 2006 Order denying the motion for reconsideration. Bazuaye, therefore, cannot appeal because the district court has declined to issue a certificate of appealability pursuant to Fed. R. App. P. 22.

Beyond that, the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 58(a)(1), provides that "[e]very judgment and amended judgment must be set forth on a separate document . . ." and (A) "the clerk must . . . promptly prepare, sign, and enter the judgment . . ." However, Fed. R. Civ. P. 77(d) provides, in part, that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." The Advisory Committee Notes for the 1946 Amendments explain that

> Rule 77(d) . . . makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has not effect upon the time for appeal.

As noted in Fed. R. Civ. P. 77(d), the exceptions to the time limits appear in Fed. R. App. P. 4(a)(6), entitled Reopening the Time to File an Appeal, in which

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Here, in compliance with Fed. R. Civ. P. 58, the Court filed, by separate document, the April 28, 2006 Order dismissing Bazuaye's amended petition for writ of habeas corpus and his amended complaint for declaratory and injunctive relief without issuance of a certificate of appealability. The Clerk docketed the Order on May 3, 2006 using the electronic filing system, CM-ECF. Bazuaye admits in his Declaration that "on or about May 4, 2006, [Bazuaye's attorney,] Mr. Kai W. DeGraaf provided [Bazuaye] with a copy of this Court's ORDER dated April 28, 2006 . . . ." However, Bazuaye bases his motion on the fact that the Clerk did not provide him directly with a copy of the Order and DeGraff did not notify him that the Order was docketed on May 3, 2006.

The language of Fed. R. App. P. 4(a)(6) is clear that only a party who is not provided with notice is eligible for relief. Bazuaye was adequately represented by counsel who was authorized to receive notices on Bazuaye's behalf. "[O]ur system deems notice to counsel as notice to the client." See U.S. v. Rearick, 181 Fed. Appx. 303, 305 (3d Cir. 2006); In re Diet Drugs, 30 Fed. Appx. 27,

30 (3d Cir. 2002). The Court of Appeals, in reviewing a district court's denial of plaintiff's motion to reopen the time, found that the district court did not abuse its discretion where the court followed its customary procedure to serve copies on local counsel and local counsel was timely mailed copies by United States Postal Service delivery. Acierno v. Cloutier, et al., 75 Fed. Appx. 887 (3d Cir. 2003).

"The time limits provided by Fed. R. App. P. 4(a)(6) . . . are 'mandatory and jurisdictional,' and the court are required to dismiss untimely appeals *sua sponte*." See Marcangelo v. Boardwalk Regency, et al., 47 F.3d 88 (3d Cir. 1995) (citation omitted). Because counsel for Bazuaye timely received the April 28 Order of the Court and Bazuaye admits that on or about May 4, 2006 his counsel timely gave him a copy, Bazuaye does not satisfy the requirements of Fed. R. App. P. 4(a)(6)(A). Therefore, Bazuaye's motion to reopen the time to file a notice of appeal is DENIED. An appropriate order follows

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: October 23, 2006

5