**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| _____ : | |
| Jeromi BAZUAYE : | |
| : | |
| Petitioner, : | |
| : | **Civil Action 06-1028 (DRD)** |
| v. : | |
| : | **OPINION** |
| Michael CHERTOFF, Secretary : | |
| Department of Homeland Security : | |
| Alberto GONZALES, Attorney General : | |
| of the United States, John P. TORRES, : | |
| Acting Director, Office of Detention and : | |
| Removal Bureau of Immigration and : | |
| Customs Enforcement, Christopher : | |
| SHANAHAN, Acting Field Office : | |
| Director, Detention and Removal Bureau : | |
| of Immigration and Customs Enforcement, : | |
| William FRASER, Warden, Monmouth : | |
| County Jail, : | |
| : | |
| Respondents. : | |
| _____ : | |

Appearances by:

Jeromi Bazuaye
Monmouth County Correctional Institution
1 Waterworks Road
Freehold, NJ 07728
       *Pro Se Petitioner*

Christopher J. Christie
United States Attorney
By:    Neil R. Gallagher
        Assistant U.S. Attorney
        United States Attorney's Office
        970 Broad Street, Suite 700
        Newark, New Jersey 07102
        *Attorney for the United States Government*

**DEBEVOISE, United States Senior District Judge**

*Pro Se* Petitioner Jeromi Bazuaye ("Bazuaye") moves this Court to stay his removal and to release him pending the appeal of his immigration removal proceedings.  Because his removal proceedings took place in New York and have been affirmed by the Board of Immigration Appeals ("BIA"), and because the United States Court of Appeals for the Third Circuit ("Third Circuit") has transferred his petition to the United States Court of Appeals for the Second Circuit ("Second Circuit"), Southern District of New York, the proper venue for his motion is the Southern District of New York.  Therefore, Bazuaye's motion to stay his removal and to release him pending the appeal of his immigration removal proceedings will be denied.

## PROCEDURAL HISTORY

The background to this case has been well documented in the previous opinions of this Court and, for the sake of judicial economy, will not be repeated here.  The pertinent procedural history is as follows.

When Bazuaye's detention was transferred to Monmouth County, New Jersey, the Southern District of New York, on March 3, 2006, also transferred his petition for writ of habeas corpus to the District of New Jersey.  On April 28, 2006, this Court issued an order, which dismissed Bazuaye's Amended Petition for Writ of Habeas Corpus and Amended Complaint for Declaratory and Injunctive Relief without issuance of a certificate of appealability.

On June 23, 2006, Bazuaye petitioned for a motion for reconsideration, which the Court denied on August 14, 2006.  Thereafter, on September 1, 2006, Bazuaye appealed the denial of the

motion for reconsideration to the Third Circuit.[1]  He then, on September 19, 2006, made application to amend and concurrently filed a supplemental application for leave to appeal *in forma pauperis* ("IFP").

Bazuaye was granted leave to proceed IFP and, on September 25, 2006, Bazuaye filed with this Court a motion to reopen the time to file an appeal, which was denied as untimely on October 23, 2006.  Apparently by letter dated October 17, 2006 to the Third Circuit, Bazuaye requested a stay pending appeal.  However, on October 26, 2006, because he had not requested the stay from the District Court first, the Third Circuit rejected his request.

Additionally, because Bazuaye had filed concurrently with the Court of Appeals for both the Third Circuit and the Second Circuit, the Third Circuit advised him, and ordered, that his petition for review pending before the Third Circuit,[2] had been transferred to the Second Circuit, pursuant to 28 U.S.C. § 1631, "since the substantive issues concerning [his] removal were considered by an Immigration Judge in New York. . . . Therefore, [he has] no petition for review pending in this Court."

On November 18, 2006, Bazuaye filed with this Court motions for stay of removal, temporary restraining order, and release pending appeal, pursuant to Fed. R. App. P. 8(a)(1).  In his supporting brief, Bazuaye noted that he concurrently had filed motions for review of the BIA's July 3, 2003 decision before both the Second and Third Circuit Courts of Appeals.  According to Bazuaye, he has "requested the Second Circuit to transfer his pending petition of review and stay of

---

[1]For reasons unknown, on September 5, 2006, he filed a subsequent appeal, identical to the first, with the Third Circuit.

[2]3d Cir. No. 06-4533.

3

removal to the Third Circuit" and "requested the Third Circuit to reconsider its order dated October 24, 2006, which transferred petition for review to the Second Circuit."

The government opposes Bzauaye's motions asserting that, because the BIA now has affirmed Bazuaye's removal, the Second Circuit is the appropriate venue, not only to decide his appeal, but also to decide his motions for stay and release.

## ANALYSIS

Bazuaye continues to go around in circles, arguing and re-arguing the same issues but with different outcomes.  When, on March 3, 2006, the Southern District of New York transferred Bazuaye's petition for writ of habeas corpus to the District of New Jersey, Bazuaye  argued that the Southern District of New York should retain his case because it had proper jurisdiction and it was the proper venue.  His brief  filed in support of his initial petition asserts that:

> because all the material events concerning Mr. Bazuaye's current proceedings, and all of the officers having power and responsibility to make decisions regarding Mr. Bazuaye's release are located in New York County, State of New York, lying within the jurisdiction of this court.  28 U.S.C. § 1391(e).  (Citations omitted).  Moreover, as the present actual custodian of the Petitioner is located in Paterson, New Jersey, personal jurisdiction is obtained by [the Southern District of New York] by virtue of the fact that the actual custodian can be served under New York's service of process statute.  Personal jurisdiction is soundly obtained by [the Southern District of New York] over all named Respondents.

Yet now, when it appears that his case will be transferred back to the Second Circuit, he argues that this is the proper venue, and he again seeks a determination on the merits of his removal proceedings.  However, as noted in the August 14, 2006 Opinion of this Court regarding Bazuaye's motion for reconsideration of his habeas petition:

> Petitioner is in removal proceedings based upon . . . his 1997 conviction in the Supreme Court of New York. . . .   An Immigration Judge has . . . order[ed] Petitioner's removal . . .  Petitioner has the right to appeal this decision to the Board

4

of Immigration Appeals and, if unsuccessful there, to the appropriate Court of Appeals.  An IJ has ruled upon Petitioner's application for release pending final disposition of the removal proceedings.  There is no reason to find that those proceedings will not proceed in the normal course, and, as previously held, the court does not have jurisdiction to set aside that decision."

Bazuaye has submitted nothing that would change the opinion of the Court.

"Venue is established either . . . where Petitioner was sentenced and convicted, or where Petitioner is currently detained."  See Verissimo v. I.N.S., 204 F. Supp. 2d 818, 820 (D.N.J.,2002).  "To determine which venue is proper . . ., a court may analyze factors such as where the material events occurred, where the records and witnesses are located, and the convenience of forum for both parties."  Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, (1973).  See also Henderson v. Immigration and Naturalization Serv., 157 F.3d 106, 128 n. 25 (2d Cir. 1998).  The district in which sentencing and conviction occurred is favored because of the availability of evidence and witnesses.  See, e.g., Knapp v. Romer, 909 F. Supp. 810, 811 (D.Colo. 1995).

Here, Bazuaye's original removal proceedings took place in New York, and his removal order has been affirmed by the BIA.  All the records and witnesses are located there.  Accordingly, the proper venue of appeal is New York.  The Third Circuit has transferred his petition to the Second Circuit, and that is where Bazuaye should make his application for stay of removal and release.  His motion, therefore, will be denied and an appropriate order will issue.


/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.


Dated: December 13th, 2006

5